1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBBY D. ROSS,

11              Plaintiff,                    No. 2:12-cv-0528 KJN P

12        vs.

13   MARTIN RYAN, et al.,

14              Defendants.              ORDER

15   _____/

16        Plaintiff is a pretrial detainee housed in the Amador County Jail.  Plaintiff is

17   proceeding without counsel, and seeks relief pursuant to 42 U.S.C. § 1983, and has requested

18   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred

19   to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

20        Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's inmate

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

1  make monthly payments of twenty percent of the preceding month's income credited to

2  plaintiff's inmate trust account.  These payments will be forwarded by the appropriate agency to

3  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4  fee is paid in full.  28 U.S.C. § 1915(b)(2).

5       The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1   allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

2   "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair

3   notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551

4   U.S. 89, 93 (2007) (citations and internal quotations marks omitted).  In reviewing a complaint

5   under this standard, the court must accept as true the allegations of the complaint in question,

6   id., and construe the pleading in the light most favorable to the plaintiff.  Jenkins v. McKeithen,

7   395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

8         Plaintiff alleges that "the persons aforementioned directly or indirectly caused

9   and/or allowed the Amador County Jail to become overpopulated." (Dkt. No. 1 at 26.)  Plaintiff

10   asks the court to award "all listed plaintiffs" monetary damages.  (Id.)

11         Although plaintiff claims this action is brought as a class action, plaintiff lists only

12   his own name as a plaintiff.  (Dkt. No. 1 at 1.)  Plaintiff is a non-lawyer proceeding without

13   counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.

14   See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute

15   when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine

16   v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and

17   adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of

18   Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D. D.C. 1976).  This action,

19   therefore, is not construed as a class action, and proceeds as an individual civil suit brought by

20   plaintiff.

21         In the exhaustion of administrative remedies section of plaintiff's complaint,

22   plaintiff avers that "another party in and for the plaintiffs in this class action" exhausted

23   plaintiff's claim concerning overcrowding at the Amador County Jail.  Plaintiff provides copies

24   of Amador County Jail Grievance forms filed by an inmate named Cody Agasi-Horn.  (Dkt. No 1

25   at 3-8.)

26   ////

1      The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e

2 to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

3 § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

4 facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

5 Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S.

6 516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of

7 confinement, whether they involve general circumstances or particular episodes, and whether

8 they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.

9      Exhaustion of all "available" remedies is mandatory; those remedies need not

10 meet federal standards, nor must they be "plain, speedy and effective."  Id. at 524; Booth v.

11 Churner, 532 U.S. 731, 740 n.5 (2001).  Even when the prisoner seeks relief not available in

12 grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Booth, 532

13 U.S. at 741.  A prisoner "seeking only money damages must complete [an] administrative

14 process that could provide some sort of relief on the complaint stated, but no money."  Id. at 734.

15 The fact that the administrative procedure cannot result in the particular form of relief requested

16 by the prisoner does not excuse exhaustion because some sort of relief or responsive action may

17 result from the grievance.  See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes

18 of exhaustion requirement include allowing prison [or jail] to take responsive action, filtering out

19 frivolous cases, and creating administrative records).

20      As noted above, the PLRA requires proper exhaustion of administrative remedies.

21 Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an

22 agency's deadlines and other critical procedural rules because no adjudicative system can

23 function effectively without imposing some orderly structure on the course of its proceedings."

24 Id. at 90-91.  Thus, compliance with jail grievance procedures is required by the PLRA to

25 properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an

26 untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.

4

Based on plaintiff's affirmative statement in the complaint, it appears that plaintiff failed to personally exhaust his administrative remedies in the Amador County Jail regarding his overcrowding claim.[1]  In an abundance of caution, however, plaintiff is granted leave to file an amended complaint should he be able to demonstrate he exhausted his overcrowding claim prior to filing the instant action.  If plaintiff did not exhaust his administrative remedies prior to filing the instant complaint, he may elect to voluntarily dismiss this action.  Fed. R. Civ. P. 41(a).

In addition, in plaintiff's statement of claim section of his complaint, plaintiff refers to "other legal issues" and refers the reader to attached exhibits.  "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim."  Stewart v. Nevada, 2011 WL 588485 (D. Nev. Feb. 9, 2011).  Plaintiff is cautioned that any amended complaint must clearly set forth the claims plaintiff is pursuing in federal court.  In addition, plaintiff must allege facts demonstrating he suffered a constitutional violation.

Finally, plaintiff must include specific charging allegations as to each named defendant.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or

---

[1] Plaintiff also provides a copy of a petition for writ of habeas corpus, filed in the Amador County Superior Court on January 31, 2012.  (Dkt. No. 1 at 16.)  However, plaintiff is advised that he must first exhaust his administrative remedies in the Amador County Jail prior to filing suit in federal court.

1  policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

2  another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

3  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

4  legally required to do that causes the deprivation of which complaint is made."  Johnson v.

5  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6        Moreover, supervisory personnel are generally not liable under § 1983 for the

7  actions of their employees under a theory of respondeat superior and, therefore, when a named

8  defendant holds a supervisorial position, the causal link between him and the claimed

9  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

10 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

11 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

12 there is no evidence of personal participation).  Vague and conclusory allegations concerning the

13 involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

14 of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

15 personal participation is insufficient).

16        Thus, the terms "persons aforementioned" are insufficient to put defendants on

17 notice as to what actions each defendant took that plaintiff alleges violated his constitutional

18 rights.  Plaintiff must clearly identify individual defendants and link each to factual allegations

19 that plaintiff claims constitute a constitutional violation.

20        The court finds the allegations in plaintiff's complaint so vague and conclusory

21 that it is unable to determine whether the current action is frivolous or fails to state a claim for

22 relief.  The court has determined that the complaint does not contain a short and plain statement

23 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

24 policy, a complaint must give fair notice and state the elements of the claim plainly and

25 succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

26 allege with at least some degree of particularity overt acts which defendants engaged in that

6

1    support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed.

2    R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file

3    an amended complaint.

4           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

5    conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

6    Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named

7    defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some

8    affirmative link or connection between a defendant's actions and the claimed deprivation. Id.;

9    May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Furthermore,

10    vague and conclusory allegations of official participation in civil rights violations are not

11    sufficient. Ivey, 673 F.2d at 268.

12           In addition, plaintiff is hereby informed that the court cannot refer to a prior

13    pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that

14    an amended complaint be complete in itself without reference to any prior pleading. This

15    requirement exists because, as a general rule, an amended complaint supersedes the original

16    complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended

17    complaint, the original pleading no longer serves any function in the case. Therefore, in an

18    amended complaint, as in an original complaint, each claim and the involvement of each

19    defendant must be sufficiently alleged.

20           Finally, if plaintiff provides exhibits or attachments to his complaint, they should

21    be appended after the last page of the complaint, and not interwoven within the complaint.

22    Plaintiff need not re-submit the exhibits provided with his original complaint; he may ask the

23    court to append them to any amended complaint, or he may simply refer to them.

24           In accordance with the above, IT IS HEREBY ORDERED that:

25           1. Plaintiff's request for leave to proceed in forma pauperis is granted.

26    ////

1    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

2  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

3  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

4  Sheriff of Amador County filed concurrently herewith.

5    3.  Plaintiff's complaint is dismissed.

6    4.  Within thirty days from the date of this order, plaintiff shall complete the

7  attached Notice of Election and submit the following documents to the court:

8    a.  The completed Notice of Election; and

9    b.  If plaintiff elects to amend the complaint, an original and one copy of

10   the Amended Complaint.  Plaintiff's amended complaint shall comply

11   with the requirements of the Civil Rights Act, the Federal Rules of Civil

12   Procedure, and the Local Rules of Practice.  The amended complaint must

13   also bear the docket number assigned to this case and must be labeled

14   "Amended Complaint."

15  Failure to file an amended complaint in accordance with this order may result in the dismissal of

16  this action.

17    5.  The Clerk of the Court is directed to send plaintiff the form for filing a civil

18  rights action.

19  DATED:  March 6, 2012

20

21

22  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

23  /ross0528.14

24

25

26

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBBY D. ROSS,

11              Plaintiff,                    No. 2:12-cv-0528 KJN P

12        vs.

13   MARTIN RYAN, et al.,                     <u>NOTICE OF ELECTION</u>

14              Defendants.

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____        Amended Complaint

19              OR

20              _____        Plaintiff failed to first exhaust his
                                       administrative remedies and voluntarily
21                                     dismisses this action.  Fed. R. Civ. P. 41(a).

22   DATED:

23

24                                     _____
                                       Plaintiff
25

26