IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBBY D. ROSS,

    Plaintiff,          No. 2:12-cv-0528 MCE KJN P

    vs.

MARTIN RYAN,

    Defendant.        FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a Shasta County jail inmate, proceeding without counsel and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. On March 7, 2012, plaintiff's February 28, 2012 complaint was dismissed, and plaintiff was granted thirty days in which to file an amended complaint or to voluntarily dismiss this action if plaintiff did not exhaust his administrative remedies prior to bringing the instant action. On April 3, 2012, plaintiff filed an amended complaint, declaring under penalty of perjury that he exhausted his administrative remedies. Plaintiff also provided copies of his Amador County Jail Grievance Forms. The initial grievance form is dated March 9, 2012; the third level response to plaintiff's grievance is dated March 16, 2012. (Dkt. No. 9 at 9, 12.)

        The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

1

§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

The instant complaint was filed on February 28, 2012. Therefore, plaintiff was required to exhaust his administrative remedies as to the instant claims on or before February 28,

1  2012. Booth, 532 U.S. at 741. As noted in this court's March 7, 2012 order, the original
2  complaint averred that another prisoner exhausted plaintiff's overcrowding claim. Plaintiff has
3  now provided documentary evidence demonstrating that plaintiff began the exhaustion process
4  on March 9, 2012, and did not fully exhaust his administrative remedies to the third level until
5  March 16, 2012, after the February 28, 2012 filing of the instant action. Because plaintiff's
6  grievance was filed after the February 28, 2012 complaint was filed herein, it cannot serve to
7  exhaust administrative remedies prior to suit as required by Booth, 532 U.S. at 741.

8  Accordingly, plaintiff's amended complaint should be dismissed without
9  prejudice based on plaintiff's failure to exhaust administrative remedies prior to filing in federal
10 court. Booth, 532 U.S. at 741. Thus, IT IS HEREBY RECOMMENDED that plaintiff's
11 amended complaint be dismissed without prejudice.

12 These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
14 days after being served with these findings and recommendations, plaintiff may file written
15 objections with the court and serve a copy on all parties. Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that
17 failure to file objections within the specified time may waive the right to appeal the District
18 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED: April 11, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ross0528.56

3